Atkinson, J.,
delivered the opinion of the court:
The claimant entered the naval service as a cadet midshipman September 24, 1872, and attained the rank of lieutenant in the United States Navy in October, 1900. October 23, 1900, he was, by order of the President, transferred to the retired list of officers of the navy upon the decision of a retiring board in conformity with the provisions of sections 1454 of the Revised Statutes, and has since that date been enrolled on the Navy Register as a lieutenant on the retired list. He has since his retirement been paid, when not on active duty, at the rate of $1,071 per year, that being one-half of the pay to which he would have been entitled if on shore duty on the active list.
When on active duty, he was paid at the rate of $2,142 a year, this being the rate of pay under Revised Statutes, sections 1261 and 1262, of a captain in the army (corresponding to a, lieutenant in the navy) of more than twenty years’ service, with a reduction of 15 per cent for shore duty under the navy personnel act.
In accordance with the findings of the retiring board the President on October 22, 1900, as stated above, retired the claimant from active service and placed him on the retired list on furlough pay, which under section 1593 of the Revised Statutes, is one-half the pay to which he would have been entitled if on leave of absence on the active list. That is to say, at the time the claimant was retired he was receiving, under section 13 of the act of March 3,1899 (30 Stat. L., 1007), $2,142, one-half of which is $1,071, which amount he has since been paid.
*323 He now contends that under said section 13 of the navy personnel act, supra, he is entitled upon retirement to the same pay as officers of the army of corresponding rank likewise retired under Revised Statutes, sections 1252 and 1274, which is “seventy-five per centum of the pay of the rank upon which they are retired.”
Section 13 of the navy personnel act, so far as material here, provides:
_ “ That, after June thirtieth, eighteen hundred and ninety-nine., commissioned officers of the line of the navy and of the medical and pay corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers or corresponding rank in the army: Provided, That such officers when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty.”
This section has been the subject of frequent interpretation both by the Supreme Court and by this court, and we think it is now fairly well settled that the general pay of officers of the navy on the active list is the same as that of officers of the army of corresponding rank. (The United States v. Thomas, 195 U. S. R., 418, 420.)
The title indicates the purpose of the act as well as the language quoted, and, when considered in connection with the provisos to the section, evidently means commissioned officers on the active list.
While the pay of naval officers on the active list is fixed by said section, no provision is therein made for their pay on the retired list. Such pay is regulated by the retirement sections of the statute, to which reference has been made.
The last proviso in express terms says: “ That nothing in this act shall operate to increase or reduce the pay of any officer now on the retired list of the navy.” This shows, we think, that Congress did not intend by the act to repeal or modify the law as it existed relating to the pay of naval officers on the retired list, present or future.
By sections 8 and 9 of said act provision is made for both voluntary and involuntary retirement “ with the rank and three-fourths the sea pay of the next higher grade; ” while by section 11 it will be noted that to entitle an officer of the *324 navy who served during the civil war to retirement with the rank and three-fourths the sea pay of the next higher grade he must have a “ creditable record.”
We must therefore conclude that had Congress intended by their legislation to increase the pay of officers of the navy on the retired list who were retired because of their own misconduct, as provided by said section 1454, they would have said so; and as the last proviso to said act expressly excluded officers on the retired list at the time the act was passed from the operation thereof, we can see no reason why officers retired since the passage of the act by reason of their own misconduct, as in the case at bar, should not receive the pay provided for by section 1593, and especially as such has been the ruling of the executive departments having to do with such retirements since the act was passed.
For the reasons given we must hold that the claimant is not entitled to recover, and his petition is dismissed.