## HANNUM v. UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 30.   Argued December 9, 1912.—Decided January 6, 1913.

The assimilating clause of § 13 of the Navy Personnel Act of 1899 applies only to officers on the active list and does not repeal the prior laws respecting the pay of officers compulsorily retired under § 1454, Rev. Stat., for incapacity not resulting from any incident of the service.

A statute will not be so construed under an assimilation clause as to destroy legislation which Congress incorporated into the act after having it called to its attention.

The Personnel Act emphasizes the plain intent of Congress not to destroy the then existing standards of retirement for Navy officers, but to retain and add to those standards as distinguished from the standards of retirement fixed for the Army.

43 Ct. Cl. 320, affirmed.

THE facts are stated in the opinion.

*Mr. George A. King* for appellant.

*Mr. Frederick DeC. Faust,* with whom *Mr. Assistant Attorney General John Q. Thompson* was on the brief, for the United States.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

By an order dated October 22, 1900, the President approved the finding of a retiring board and directed that "Lieut. William G. Hannum, U. S. Navy . . . be retired from active service and placed on the retired list on furlough pay, in conformity with the provisions of section 1454 of the Revised Statutes." Thereafter Lieu-

tenant Hannum was paid the compensation fixed by § 1593 of the Revised Statutes, viz: "One half of the pay to which they" (officers placed on the retired list on furlough pay), "would have been entitled if on leave of absence on the active list."

Upon the contention that in virtue of the opening clause of § 13 of the Personnel Act of March 3, 1899, 30 Stat. 1004, 1007, c. 413, providing that officers of the line of the Navy shall receive the same pay and allowances as officers of corresponding rank in the Army, this action was brought to recover the difference between the sums actually paid to Lieutenant Hannum and the pay fixed by Rev. Stat., § 1274, of an officer of corresponding rank in the Army when placed on the retired list, viz. 75 per cent. of the pay of the rank upon which retired.

The Court of Claims held that the assimilating clause of § 13 of the Personnel Act applied only to officers on the active list of the Navy, and did not repeal the prior law respecting the pay of that particular class of officers compulsorily retired under § 1454, Revised Statutes, for incapacity not resulting from any incident of the service. In other words, the court decided that growing out of the differences between the distinct classifications made for the retirement of Navy officers and the pay allowed to such retired officers depending upon the causes for retirement and the differences in this respect existing between statutory regulations as to the retirement of Army officers, that the provision of the Personnel Act had not repealed the specific provisions as to the retirement of Navy officers and the retired pay to which such officers were entitled. Applying the construction which it thus gave to the statute the court denied the relief claimed, except for the sum of $31.42, balance of pay due for a short period of active service after retirement, and the Government has acquiesced in such allowance. 43 Ct. Cl. 320.

We think the court was right in the view which it took

of the so-called Personnel Act.    The provisions of §§ 8, 9
and 11 of the act not only created a new class of retired
officers of the Navy, but § 9 contains an express reference
to "the provisions of law now in force," relating to retire-
ments in the Navy.    As said by counsel for the Govern-
ment:

"By those laws the pay of all officers retired for age or
incapacity resulting from long and faithful service, or
wounds or injuries received in the line of duty, or from
sickness and exposure therein, receive seventy-five per
centum of the sea pay of their rank at the time of retire-
ment, while all other officers on the retired list receive
one-half the sea pay of the rank held by them at the time
of retirement (Rev. Stat., § 1588), except officers retired
on furlough pay for incapacity not of service origin, who
receive only one-half the pay to which they would have
been entitled if on leave of absence on the active list
(sections 1454 and 1593)."

It thus being plain that the attention of Congress when
it adopted the Personnel Act was specially drawn to the
existing statutory regulations relating to the retirement of
Naval officers and to the causes for which retirement
should be allowed, and the amount of the retired pay of
such officers and that provision was made as to these sub-
jects varying radically from the system of Army retire-
ment by providing different proportions of pay for differ-
ent causes of Navy retirement, it is not open in reason to
hold that Congress intended by the provision in question
of the Personnel Act to destroy the legislation which it
sedulously incorporated and made a part of that act.    In
other words, as the Personnel Act itself emphasizes the
plain intention of Congress not only not to destroy the
standards of retirement fixed for Navy officers, but on the
contrary to retain and add to those standards, as distin-
guished from the standards of retirement fixed for the
Army, we think the claim here made was properly dis-

allowed.  Nothing could more aptly illustrate the necessity for this conclusion than by directing attention to the result which would inevitably follow from taking another view. Thus it may not be doubted that the express object of the Personnel Act was to give a right of retirement for long and distinguished services, for wounds contracted in the course of the service as distinguished from the ordinary right to retire.  And yet if the construction of the statute now urged were to be upheld it would follow that an assimilation was made by the Personnel Act not only between the pay of officers on the active list of the Navy and those of the Army, but also between officers of the Navy themselves by putting on a parity as to retirement and retired pay all officers of the Navy, irrespective of the meritorious or non-meritorious character of their services and despite the clear distinction in that regard expressly provided for by the terms of the Personnel Act.

*Affirmed.*